JCL LAW FIRM, APC
Jean-Claude Lapuyade, Esq.
3990 Old Town Avenue, Suite C204
San Diego, CA 92110
Telephone: (619) 599-8292
Facsimile: (619) 599-8291

SOMMERS SCHWARTZ, P.C.
Kevin Stoops, Esq. (*Pro Hac Vice Forthcoming*)
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

*Counsel for Plaintiff and Putative Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| **ANNIE LI**, individually and on behalf of all other similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>**APPLE MEDICAL CENTER AND URGENT CARE, INC**, a California corporation,<br><br>                                    Defendant. | Case No: <br><br>**COLLECTIVE/ CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Annie Li (hereinafter "Plaintiff") alleges based on her own experience, and as to all other allegations, based upon the investigation of counsel, as follows:

## I.    **INTRODUCTION**

1.      This is a collective and class action brought for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. as a FLSA § 216(b) collective action and California statewide class action pursuant to Fed. R. Civ. P. 23(b)(3) for state law claims, including the California Labor Code ("Labor Code"), the California Industrial Welfare Commission ("IWC") Wage Order No. 4, the California Business & Professions Code section 17200, *et seq.*, and others as pleaded below.

2.      Defendant Apple Medical Center and Urgent Care, Inc. (hereinafter "Defendant") employed Plaintiff and other similarly situated hourly employees at its medical facilities throughout Riverside County in Southern California.

3.      Plaintiff and the putative FLSA collective and Rule 23 class members she seeks to represent regularly worked beyond 40 hours in a workweek and eight hours in a workday but were not paid the required overtime premiums for all overtime hours worked.

4.      The FLSA and the Labor Code require employers—including Defendant—to compensate employees—including Plaintiff—for work performed beyond 40 hours in each given workweek at a rate one and one-half times the employees' normal hourly rates.

5.      The Labor Code further requires employers—including Defendant—to compensate employees—including Plaintiff—for work performed beyond eight hours in each given workday at a rate one and one-half times the employees' normal hourly rates.

6.      Defendant was aware of its obligation to pay overtime premiums to Plaintiff for work performed beyond 40 hours in a workweek and eight hours in a workday.  Nevertheless, Defendant failed and refused to pay overtime premiums to

CLASS ACTION COMPLAINT                                              CASE NO:

1  Plaintiff for all overtime hours worked.  Defendant's conduct in that regard amounts to
2  a willful violation of the overtime provisions of the FLSA and Labor Code.

3      7.    As set forth below, Defendant failed to provide meal periods and rest
4  breaks, failed to provide premium wages for unprovided meal and/or rest periods, and
5  failed to pay overtime wages as required by law.

6      8.    Plaintiff seeks a declaration that her rights, and the rights of the putative
7  Class, were violated, an award of unpaid wages, an award of liquidated damages,
8  injunctive and declaratory relief, attendant penalties, and award of attorneys' fees and
9  costs to make them whole for damages they suffered, and to ensure that they and future
10  workers will not be subjected by Defendant to such illegal conduct in the future.

11  **II.    JURISDICTION AND VENUE**

12      9.    This Court has subject matter jurisdiction over Plaintiff's FLSA claim
13  pursuant to 28 U.S.C. § 1331 because his claim raises a federal question under 29 U.S.C.
14  § 201, *et seq*.

15      10.   Additionally, this Court has subject-matter jurisdiction over Plaintiff's
16  FLSA claim pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA
17  "may be maintained against any employer … in any Federal or State court of competent
18  jurisdiction."

19      11.   This Court has supplemental jurisdiction over Plaintiff's state law claims
20  pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set of
21  operative facts and is so related to the claims within this Court's original jurisdiction
22  that they form a part of the same case or controversy.

23      12.   This Court has personal jurisdiction over Defendant because Defendant
24  conducted business in this State, had systematic and continuous ties with this state, and
25  had agents and representatives in this state.  Thus, Defendant had sufficient minimum
26  contacts with or otherwise purposefully avail itself of the markets in the State of
27  California, or otherwise had sufficient contacts with this District to justify it being fairly
28  brought into court in this District.

- 2 -

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d) because Plaintiff and at least some of the putative Class members worked and were paid in this District and the obligations, liabilities, and breaches complained of herein arose or occurred in this District.   Defendant owns, operates, and/or maintains offices, transacts business, employs Class Members within the Eastern Division of this District, or otherwise is found within the Eastern Division of this District. Defendant is within the jurisdiction of this Court for purpose of service of process.

## III.    **PARTIES**

### A.    **Plaintiff Annie Li**

14.    Defendant offered employment to Plaintiff in 2018, which was accepted. Plaintiff provides medical and urgent care services as a Certified Physician Assistant.

15.    Defendant hired Plaintiff and instructed her how to perform her job.

16.    Plaintiff would start working at approximately 8:00 a.m. and worked until approximately 5:00 p.m. or 8:00 p.m. each day.

17.    Plaintiff typically worked five to six days a week.

18.    However, Plaintiff was not paid for all hours worked or was not paid at the correct rate for all hours worked.

19.    Plaintiff was paid $45.00 an hour for the first year of her employment, and was paid $50.00 an hour for the second year of her employment.   *See*, ***Exhibit A***, Plaintiff's Employment Contract ("Contract").

20.    On many occasions, Plaintiff worked more than forty hours in a single week.

21.    Plaintiff was never paid overtime for any hours she worked in excess of forty hours in a single work week because Defendant improperly and unlawfully classified her as exempt from overtime.

22.    Plaintiff has signed and submitted a consent to join form, which expresses her desire to pursue her FLSA claim for overtime premiums. ***Exhibit B***, Plaintiff's Consent to Join.

- 3 -

**B.     Defendant Apple Medical Center and Urgent Care, Inc.**

23.     Defendant is in the business of providing medical care and urgent medical care services to patients in California.  Defendant is a California corporation, with its principle executive office and place of business at 1207 E. Florida Ave., Hemet, CA 92543. At all times relevant, Plaintiff was employed by Apple Medical Center and Urgent Care, Inc.

24.     According to Defendant's website, Defendant operates a facility in Hemet, California and in Perris, California. *See* http://www.appleurgentcare.com/locations.htm (last visited on 5/20/19).

**IV.     GENERAL ALLEGATIONS**

25.     Plaintiff and Class Members were employed by Defendant to provide medical services to patients.

26.     During their employment with Defendant, Defendant provided Plaintiff and Class Members with instruction on how to perform their work and Defendant supervised Plaintiff and Class Members in all aspects of their work.  Defendant made all decisions directly affecting Plaintiff and Class Members.  Additionally, Defendant set Plaintiff and Class Members' work schedules.

27.     According to Plaintiff's Contract, she was hired "to perform Urgent Care services 5-6 days per week" and her "work schedule will range from 8 to 12 hours a day during the week and 5-8 hours during the weekend." *Exhibit A*, Employment Contract.

28.     Defendant's expectation was that Plaintiff saw a "minimum of 5-7 patients per hour." *Exhibit A*.

29.     Defendant paid for Plaintiff's malpractice insurance. *Exhibit A*.

30.     Defendant processes its payroll in the State of California.

31.     Plaintiff and Class Members regularly worked more than forty hours in a given workweek, and more than eight hours in a single day.

32.     Plaintiff and Class Members should have been paid one and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours up to

- 4 -

and including twelve hours in any workday.  Additionally, Plaintiff and Class Members should have been paid double the employee's regular rate of pay for all hours worked in excess of twelve hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.  None of Defendant's employees were specifically exempted from receiving overtime pay.

33.    As a result of Defendant's company-wide employment policy, Plaintiff and Class Members were not compensated an overtime wage for all hours worked in excess of forty during a workweek, six days in a week, and/or eight hours in a day.

34.    Plaintiff has actual knowledge—through discussions with other workers and her personal observations of other working for Defendant—that other Class Members had similar schedules with a similar amount of weekly hours and were subject to the same compensation policies.

35.    Similarly, Plaintiff has actual knowledge that other Class Members were misclassified as exempt and paid by the hour, as oppose to a salary.

36.    In California, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, except that if the total work period per day of the employee is no more than six hours.  A second meal period of not less than thirty minutes is required if an employee works more than ten hours per day, except that if the total hours worked is no more than 12 hours.  Further, employers must provide 10-minute paid rest period for every four hours worked or major fraction thereof.  If an employer fails to provide a required meal and rest periods, that employee is entitled to one additional hour of pay for that workday.

37.    Defendant's company-wide employment policy did not provide set periods for meals and rest for their employees.  Plaintiff and Class Members did not waive their meal or rest periods and were not paid an extra additional hour of pay.

CLASS ACTION COMPLAINT                          CASE NO:

Exemplary Pay Periods

38.    An exemplary pay period during the applicable statutory period in which Plaintiff worked overtime hours but was not paid the required overtime premiums is the pay period of January 22, 2018 to February 4, 2018.  During this two week period, Plaintiff worked a total of 102.75 hours.  She was paid her straight time rate of $45.00 per hour for all hours worked. ***Exhibit C***, Plaintiffs Paystubs.

39.    Another exemplary pay period during the applicable statutory period in which Plaintiff worked overtime hours but was not paid the required overtime premiums is the pay period of September 17, 2018 to September 30, 2018.  During this two week period, Plaintiff worked a total of 104.5 hours.  She was paid her straight time rate of $45.00 per hour for all hours worked. ***Exhibit C***, Plaintiffs Paystubs

**V.    FLSA COLLECTIVE ACTION ALLEGATIONS**

40.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> **All of Defendant's current and former hourly employees who were classified as exempt from overtime, who provided medical care services for Defendant within the past three years.**

(hereinafter referred to as the "FLSA Collective").  Plaintiff reserves the right to amend this definition if necessary.

41.    Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated Class Members.

42.    Excluded from the proposed FLSA Collective are Defendant's executives, administrative and professional employees, including computer professionals who were paid on a salary basis.

43.    Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

44.    All of the work that Plaintiff and the FLSA Collective members performed

- 6 -

was assigned by Defendant, and/or Defendant was aware of all of the work that Plaintiff and the FLSA Collective members performed.

45.    As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members.  This policy and pattern or practice includes, but is not limited to willfully failing to pay its employees, including Plaintiff and the FLSA Collective, for overtime wages for all hours worked in excess of 40 hours per workweek.

46.    Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

47.    Defendant failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

48.    Defendant's unlawful conduct was widespread, repeated, and consistent.

49.    A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

50.    This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

51.    Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

52.    Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period will include dozens of workers. The precise number of FLSA Collective members should be readily available from a review

CLASS ACTION COMPLAINT                                            CASE NO:

1    of Defendant's personnel and payroll records.

2    **VI.    RULE 23 CALIFORNIA CLASS ACTION ALLEGATIONS**

3        53.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on her own

4    behalf and on behalf of all similarly situated current and former employees of Defendant

5    who are or were employed at any time in the last four years.  Plaintiff proposes the

6    following class definition:

7        **All of Defendant's current and former hourly employees who were**
     **classified as exempt from overtime, meal and rest breaks, and other**
8    **provisions of the California Labor Code as discussed herein, who**
     **provided medical care services for Defendant within the past four**
9    **years.**

10

11   Plaintiff reserves the right to amend the putative class definition if necessary.

12       54.    Plaintiff shares the same interests as the putative class and will be entitled

13   under the California Labor Code to unpaid overtime compensation, attorneys' fees, and

14   costs and lost interest owed to them under nearly identical factual and legal standards

15   as the remainder of the putative class.

16       55.    The putative Class meets the numerosity requirement of Rule 23(a)(1)

17   because, during the relevant period, Defendant employed hundreds of Class Members

18   throughout California.  The Class members are so numerous that joinder of all such

19   persons is impracticable and that the disposition of their claims in a class action rather

20   than in individual actions will benefit the parties and the Court. The precise number of

21   Class members should be readily available from a review of Defendant's personnel,

22   scheduling, time, phone, and payroll records, and from input received from the putative

23   Class members.

24       56.    The putative Class meets the commonality requirement of Rule 23(a)(2)

25   because, during the relevant period, Defendant engaged in a common course of conduct

26   that violated the legal rights of Plaintiff and the Class.  Individual questions that

27   Plaintiff's claims present, to the extent any exist, will be far less central to this litigation

28

- 8 -

than the numerous material questions of law and fact common to the Class, including but not limited to:

a. Whether Defendant engaged in a policy or practice of failing to pay each Class member overtime compensation for each overtime hour worked;

b. Whether Defendant failed to provide each Class member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Employment Law and Regulations;

c. Whether Defendant failed to provide each Class member with 10 minutes rest breaks every four hours;

d. Whether Defendant violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or who was discharged;

e. Whether Defendant violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

f. Whether Defendant was unjustly enriched by the overtime work and services performed by Class members without overtime compensation;

g. Whether Defendant engaged in unfair business practices in violation of Business and Professions Code section 17200, *et seq.*; and

h. Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating California state law.

57. The status of all individuals similarly situated to Plaintiff raises an identical legal question: whether Defendant's Class Members are entitled to back wages, including overtime.

58. The putative Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the putative Class members were all employed by Defendant and performed their job duties without receiving overtime wages owed for that work and for not receiving meal and rest breaks.

CLASS ACTION COMPLAINT                                      CASE NO:

59.    The Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the putative Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiff and the putative Class members.

60.    The putative Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

61.    The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

62.    Given the material similarity of the Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

**COUNT I**
**VIOLATION OF FLSA, 29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME WAGES**

63.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

64.    At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

65.    At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

- 10 -

66.    Plaintiff and the FLSA Collective members, by virtue of their hourly compensation model, are all non-exempt employees.

67.    Plaintiff is either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

83.    At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

84.    At all times relevant to this action, Defendant required Plaintiff and the FLSA Collective members to work in excess of forty (40) hours per week, but failed to pay these employees the federally mandated overtime compensation for this work.

85.    The unpaid overtime work performed every week by Plaintiff and the FLSA Collective members is substantial and most certainly not *de minimis*.

86.    In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, the uncompensated overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage.  29 U.S.C. § 207.

87.    Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined that the FLSA Collective members were non-exempt by virtue of their hourly compensation system. Further, Defendant could have easily accounted for and properly compensated Plaintiff and the FLSA Collective for the unpaid overtime, but did not.

88.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
## VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198 AND IWC WAGE ORDER 4 – FAILURE TO PAY OVERTIME

89.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

- 11 -

90.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

91.    At all relevant times, Plaintiff and the Class were paid on an hourly basis and were thus subject to the overtime requirements of California law because Defendant did not meet the requirements for any of the white-collar exemptions.

92.    Labor Code §§ 510 and 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 3(A) provide that: (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

93.    At all relevant times, Plaintiff and the Class regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.

94.    At all relevant times, Defendant failed and refused to pay Plaintiff and the Class members for any and all overtime hours worked.

95.    Defendant intentionally, maliciously, fraudulently and with the intent to deprive the Class of their ability to earn a living, so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by misclassifying Plaintiff and the Class as exempt.

96.    Plaintiff and the Class were entitled to receive overtime compensation at their lawful regular rate of pay. Defendant's failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

- 12 -

97.    Wherefore, Plaintiff demands payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owed, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay for all time worked and such premium compensation, as is required under California law.

**COUNT III**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512**
**FAILURE TO PROVIDE MEAL/REST BREAKS**

98.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

99.    Labor Code § 512, and IWC Wage Order No. 5 § 11(A) and (B) provide that an employer may not employ a person for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.

100.    IWC Wage Order No. 5 § 12(A) provide that an employer shall employ take ten (10) minute rest periods for every four (4) hours or major fraction thereof. These rest periods may not be deducted from the individual wages.

101.    At all relevant times, Plaintiff and the Class consistently worked in excess of five (5) or ten (10) hours in a day.

102.    At all relevant times, Defendant regularly required employees to perform work during their first and/or second meal and rest periods without proper compensation or otherwise failed to provide meal and rest breaks. Defendant regularly required employees to perform work in excess of four hours without a rest period.  The practice of requiring employees to perform work during their legally mandated meal or rest periods without premium compensation is a violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5.

103.    Defendant purposefully elected not to provide meal or rest periods to Plaintiff and Class members, and Defendant acted willfully, oppressively, and in conscious disregard of the rights of Plaintiff and the Class members in failing to do so.

- 13 -

104.    Plaintiff is informed and believes Defendant did not properly maintain records pertaining to when Plaintiff and the Class members began and ended each meal period, in violation of Labor Code §1174 and IWC Wage Order No. 5 § 7(A).

105.    As a result of Defendant's knowing, willful, and intentional failure to provide meal or rest breaks, Plaintiff and the Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal or rest period was not provided, pursuant to Labor Code § 226.7 and 1WC Wage Order No. 5 § 11(D) & 12(B), and penalties, reasonable attorneys' fees, and costs pursuant to Labor Code §§ 218.5.

106.    Defendant's wrongful and illegal conduct in failing to provide Class members with meal breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiff and the Class members in that Defendant will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiff and the Class members have no other adequate remedy at law to insure future compliance with the laws alleged herein to have been violated.

107.    Wherefore, Plaintiff demands pursuant to Labor Code Section 227.7(b) that Defendant pay each Class member one additional hour of pay at the Class member's regular rate of compensation for each work day that the meal or rest period was not provided.

**COUNT IV**
**VIOLATION OF CALIFORNIA LABOR CODE § 226 and 1174**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

108.    Plaintiff re-alleges and incorporate all previous paragraphs herein.

109.    Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing

- 14 -

showing the total hours worked, and the applicable hourly rates and corresponding total number of hours worked.

110.  At all relevant times, Defendant failed to maintain proper records and furnish Plaintiff and the Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

111.  At all relevant times, Defendant failed to furnish Plaintiff and the Class members with accurate wage statements in writing, showing: (1) gross wages earned; (2) total hours worked by each respective employee; (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her social security number or an employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

112.  Plaintiff and the Class did not receive wage statements that accurately reflected overtime hours and the corresponding overtime rates for those hours.

113.  Plaintiff is informed and believes that Defendant knew or should have known that Plaintiff and the Class members were entitled to receive wage statements compliant with Labor Code § 226 and 1174, and that Defendant willfully and intentionally failed to provide Plaintiff and the Class members with such accurate, itemized statements showing, for example, accurate hours and overtime calculations.

114.  Wherefore Plaintiffs demand that Defendant pay each and every Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

## COUNT V
## VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq.*

- 15 -

115.  Plaintiff re-allege and incorporate all previous paragraphs herein.

116.   Defendant engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above, including (a) failing to pay overtime premiums to Class Members when required to do so under state and federal labor laws; (b) failing to provide lawful meal/rest breaks or premium compensation in lieu thereof; and (c) failing to provide accurate, itemized wage statements.

117.   In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and for unfair business practice within the meaning of Business & Professions Code § 17200, *et seq*.

118.   As a result of Defendant's conduct, Plaintiff and the Class have been harmed as described in the allegations set forth above.

119.   The actions described above, constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, *el seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendant obtained valuable property, money and services from Plaintiff and the Class, and have deprived Plaintiff and the Class fundamental rights and privileges guaranteed to all employees under California law.

120.   Defendant was unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendant over other businesses providing similar services which routinely comply with the requirements of California law.

121.   Plaintiff seeks, on her own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendant by means of the acts and practices described herein.

122.   Plaintiff seeks, on her own behalf, and on behalf of other Class members

- 16 -

similarly situated, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein. Defendant's unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and all Class members in that Defendant will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her own behalf and on the behalf of the putative Collective and Class members, request judgment as follows:

a.  Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.  Designating the named Plaintiff as Representative of the proposed FLSA collective;

c.  Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

d.  Certifying the proposed Rule 23 Class;

e.  Designating Plaintiff as representatives of the proposed Rule 23 Class;

f.  Appointing JCL Law Firm, APC and Sommers Schwartz, P.C. as Class Counsel;

g.  Declaring that Defendant willfully violated the Fair Labor Standards Act

- 17 -

1    and its attendant regulations as set forth above;

2    h.    Granting judgment in favor of Plaintiff and against Defendant and

3          awarding the amount of unpaid overtime wages calculated at the rate of

4          one and one-half (1.5) of Plaintiff's regular rate (including the shift

5          differential where applicable) multiplied by all overtime hours that

6          Plaintiff worked in excess of eight (8) hours per day and/or forty (40) hours

7          per week for the past four years;

8    i.    Awarding liquidated damages in an amount equal to the amount of unpaid

9          overtime wages found due and owing;

10   j.    For statutory and civil penalties pursuant to Labor Code §§ 225.5, 226(e),

11         226.3, and 226.7;

12   k.    For disgorgement and restitution to Plaintiff and other similarly effected

13         Class members of all funds unlawfully acquired by Defendant by means

14         of any acts or practices declared by this Court to violate the mandate

15         established by California Business and Professions Code § 17200, *et seq.*;

16   l.    For the appointment of a receiver to receive, manage and distribute any

17         and all funds disgorged from Defendant and determined to have been

18         wrongfully acquired by Defendant as a result of violations of California

19         Business and Professions Code § 17200, *et seq.*;

20   m.    For an injunction prohibiting Defendant from engaging in the unfair

21         business practices complained of herein;

22   n.    For an injunction requiring Defendant to give notice to persons to whom

23         restitution is owing of the means by which to file for restitution;

24   o.    For actual damages or statutory penalties according to proof as set forth in

25         California Labor Code §§ 226, 1174, and IWC Wage Order No. 5, § 7(A)

26         related to record keeping;

27   p.    For an order requiring Defendant to show cause, if any there be, why they

28         should not be enjoined and ordered to comply with the applicable

- 18 -

CLASS ACTION COMPLAINT                                    CASE NO:

California Industrial Welfare Commission wage orders related to record keeping for Defendant's employees related to same; and for an order enjoining and restraining Defendant and its Class Members, servants and employees related thereto;

q.    For pre-judgment interest as allowed by California Labor Code §§ 218.6, 1194 and 2802(b) and California Civil Code § 3287 and other statutes;

r.    Awarding civil penalties pursuant to California Labor Code § 2698, *et seq.*;

s.    For reasonable attorneys' fees, expenses, and costs as provided by the FLSA, California Labor Code §§ 218.5, 226(e) and (g), 1194, 2802, and California Code of Civil Procedure § 1021.5; and

t.    For such other and further relief the Court may deem just and proper.

/ / / /

CLASS ACTION COMPLAINT                    CASE NO:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Plaintiff, Annie Li, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

DATE: June 4, 2019

Respectfully submitted,

JCL LAW FIRM, APC

By: */s/ Jean-Claude Lapuyade*
    Jean-Claude Lapuyade
    3990 Old Town Ave., Suite C204
    San Diego, CA 92110
    Telephone:  (619) 599-8292
    Facsimile:   (619) 599-8291

    Kevin J. Stoops (*pro hac vice anticipated*)
    Charles R. Ash, IV (p*ro hac vice anticipated*)
    SOMMERS SCHWARTZ, P.C.
    One Towne Square, Suite 1700
    Southfield, Michigan 48076
    Telephone: (248) 355-0300
    Facsimile: (248) 746-4001

    *Counsel for Plaintiff and Putative Class*

- 20 -